## BORGER TOWNSITE CO. et al. v. BERNARD. (No. 2961.)

Court of Civil Appeals of Texas. Amarillo. Dec. 14, 1927.

Costs ☞260(1)—Right to assess damages for delay in appeal exists only where judgment is affirmed (Rev. St. 1925, arts. 1841, 1857, 1860).

The right to assess 10 per cent. damages, under Rev. St. 1925, arts. 1841, 1857, 1860, for frivolous appeal or for delay, exists only where judgment of trial court is affirmed, and is not authorized where the appeal is dismissed.

Appeal and Error from District Court, Hutchinson County; Newton P. Willis, Judge.

Action by R. E. Bernard against the Borger Townsite Company and another. Judgment for ·plaintiff, and defendants appeal and bring error. Motion to dismiss appeal and writ of error granted.

J. O. Cooke and McBride, McBride & Harney, all of Borger, for plaintiffs in error.

D. W. Tracy, of Borger, for defendant in error.

HALL, C. J. Bernard sued the Townsite Company and J. E. Murphy, on a labor debt and to foreclose his laborer's lien. ·

Judgment was rendered in his favor. Neither defendant made any defense at the trial. No exception was taken to the judgment. No bills of exception were reserved. No notice of appeal was given by Murphy, and neither of the defendants has ever filed a transcript or a statement of facts in this court, although the judgment is dated April 20, 1927.

Murphy filed a supersedeas bond on May 5, 1927, and the Borger Townsite Company filed its petition for writ of error and supersedeas bond on June 5,·1927.

The sheriff did not serve citation in error, indorsing upon it as follows: "Service stopped by writ of supersedeas."

The plaintiff has filed a motion in this court accompanied by a transcript, praying that the appeal and writ of error be dismissed, and further praying for 10 per cent. damages for delay.

In some jurisdictions, it is held that under such circumstances the appellate court may assess 10 per cent. damages for a frivolous appeal or for delay when nothing is done by the appellant, after the appeal is perfected. The right to recover 10 per cent. damages for frivolous appeal and for delay in this state is governed by R. S. (1925) arts. 1841, 1857, 1860. Under none of these statutes is an appellate court authorized to assess the 10 per cent. damages, where the appeal is dismissed, but the right exists, it would seem, only where the judgment of the trial court is affirmed. 15 C. J. 286, § 701.

The motion is therefore granted to dismiss the appeal and writ of error, and is denied in so far as it prays for 10 per cent. damages for frivolous appeal.